

**FILED**
FEB 12 2020
Clerk, U.S. District and
Bankruptcy Courts

|                          |     |                                  |
| ------------------------ | --- | -------------------------------- |
| Mousen Y. Aden,          | )   |                                  |
|                          | )   |                                  |
| Plaintiff,               | )   |                                  |
|                          | )   |                                  |
| v.                       | )   | Civil Action No.  19-3859 (UNA)  |
|                          | )   |                                  |
| United States of America,| )   |                                  |
|                          | )   |                                  |
| Defendant.               | )   |                                  |

## <u>MEMORANDUM OPINION</u>

This matter, brought *pro se*, is before the Court on its initial review of plaintiff's application for leave to proceed *in forma pauperis* and the Complaint against the United States. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under the doctrine of sovereign immunity, the United States may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit

within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff, a Tennessee state prisoner, sues the United States under 42 U.S.C. § 1983. Section 1983 authorizes a cause of action against individuals who violate constitutional rights while acting "under color of state law"; it "does not apply to federal officials acting under color of federal law." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005). Most importantly, Congress has not waived the United States' immunity from lawsuits based on constitutional violations. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994). And "[i]f the United States has not consented to being sued under § 1983, sovereign immunity requires the court to dismiss [this action] for lack of jurisdiction."[1] *Settles*, 429 F.3d at 1105. A separate Order accompanies this Memorandum Opinion.

Date: February __10__, 2020

_____
United States District Judge

---

[1]    In his "Prayer for Relief," plaintiff does not seek money damages but rather "a declaration of rights" and "a mandatory injunction ordering President [Donald J. Trump] to proclaim M. Aden King of Earth and Executively immune from U.S. jurisdiction & states." Compl. at 2. This is yet another reason to dismiss the case. *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous[.]") (internal quotations omitted).